■ In the Matter of BOBBY J. SPANOS, an Infant, Appellant, v. TOWN OF OYSTER BAY, Respondent.— In a proceeding by an infant pursuant to statute (General Municipal Law, § 50-e, subd. 5), for leave to serve a late notice of claim for damages for personal injury, the infant appeals from an order of the Supreme Court, Nassau County, entered December 18, 1964, which denied the application. Order reversed on the facts and in the exercise of discretion, with $10 costs and disbursements; and application granted. In our opinion, it was an abuse of discretion to deny leave to serve a late notice of claim in this case (*Matter of Dow* v. *New York City Housing Auth.,* 22 A D 2d 696; *Matter of Pandoliano* v. *New York City Tr. Auth.,* 17 A D 2d 951). Ughetta, Acting P. J., Hill and Benjamin, JJ., concur; Christ and Rabin, JJ., concur in the result, but adhere to the views expressed by them in their dissent in *Matter of Pandoliano* v. *New York City Tr. Auth.* (17 A D 2d 951) and to the views expressed by the Appellate Division, First Department in *Matter of Goglas* v. *New York City Housing Auth.* (13 A D 2d 939, affd. 11 N Y 2d 680).

■ ANN J. McLOUGHLIN et al., Appellants, v. HYMAN WEISS et al., Respondents.— In an action by a wife and her husband to recover damages for personal injury and loss of services, the plaintiffs appeal from two orders of the Supreme Court, Queens County, respectively entered May 1, 1964 and May 7, 1964, which granted the defendants' separate motions and dismissed the complaint as against each defendant for lack of prosecution. Orders reversed, without costs; and defendants' respective motions to dismiss the complaint denied. The motions were based on plaintiffs' failure to serve and file a note of issue. Under the circumstances, we give effect to the legislative intent inherent in the recent amendment to the statute (CPLR 3216 [L. 1964, ch. 974]; see *Dooley* v. *Gray,* 22 A D 2d 791). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.